UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

TYRONE YATES,[1]                        )
                                        )
a/k/a, TYRONE EUGENE YATES,             )
                                        )   Civil Action No. 0:15-CV-99-HRW
                                        )
       Petitioner,                      )
                                        )
                                        )
v.                                      )
                                        )   **MEMORANDUM OPINION**
                                        )   **AND ORDER**
JODIE L. SNYDER-NORRIS,                 )
*Warden,*                               )
                                        )

       Respondent.
                        ****   ****   ****   ****

Petitioner Tyrone Yates is an inmate confined by the BOP in the Federal

Correctional Institution-Ashland, located in Ashland, Kentucky. Proceeding

without counsel, Yates has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 [R. 1] in which he collaterally challenges various aspects of his

federal drug conviction and his resulting 188-month sentence. Yates has paid the

$5.00 filing fee. [R. 4]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243,

the Court should the relief sought "if it plainly appears from the petition and any

---

[1] The Bureau of Prisons ("BOP") website identifies Yates, BOP Register No. 02704-087, as "Tyrone Eugene Yates." *See* http://www.bop.gov/inmateloc/ (last visited on February 10, 2016). Accordingly, the Clerk of the Court will be instructed to list "Tyrone Eugene Yates" as an alias designation for Yates on the CM/ECF cover sheet.

1

attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Yates is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199 (2007)  At this stage of the proceedings, the Court accepts Yates's factual allegations as true and liberally construes her legal claims in his favor. But for the reasons set forth below, the Court determines that Yates is not entitled to any of the relief which he seeks, and that his § 2241 habeas petition must be denied.

## YATES'S CRIMINAL CONVICTION AND SENTENCE, DIRECT APPEAL, AND PRIOR COLLATERAL CHALLENGES

In May 2006, a four-count superseding indictment was handed down in a West Virginia federal court, charging that between the summer of 2004 until March 2005, Yates committed various drug offenses in violation of 21 U.S.C. § 841 (a)(1). *United States v. Tyrone Eugene Yates*, No. 3:06-CR-20-GMG-RWT-1. [R. 1, therein]  On November 7, 2006, Yates signed a plea agreement, in which he agreed to plead guilty to Count Four of the superseding indictment, possession with intent to distribute two ounces of cocaine base, also known as "crack," in

violation of § 841(a)(1). [*Id.,* R. 31, therein]. The maximum penalty for the offense to which Yates pleaded was specified as being not less than five years nor more than forty years imprisonment, a $2,000,000.00 fine and at least four years of supervised release. [*Id.*] The parties stipulated and agreed that the total drug relevant conduct of Yates was 99.80 grams of cocaine base, also known as "crack." [*Id.,* p. 3, ¶9] In the plea agreement, Yates waived his right to appeal and his right to collaterally attack his sentence. [*Id.,* pp. 3-4]

On November 13, 2006, Yates entered his plea in open court, *see id.,* R. 75, therein, and on February 26, 2007, Yates appeared before the district court for sentencing, *see id.* R. 74, therein.[2] Yates's counsel objected to the district court's use of Yates's prior conviction for escape as a crime of violence in determining his career offender status under the United States Sentencing Guidelines ("U.S.S.G."), but the district court overruled Yates' objection. The district court concluded that Yates's prior escape conviction was a crime of violence under U.S.S.G. §§ 4B1.1 and 4B1.2; that no grounds for variance existed; and that Yates was a drug crime recidivist and a danger to the community. *Id.,* pp. 31-32. Even so, on April 10, 2007, the district court sentenced Yates to a 188-month prison term, which was at

---

[2] This Court does not have electronic access to the transcript of Yates's February 26, 2007, sentencing hearing, which was filed of record over a year and a half later, on August 28, 2008. This Court's discussion of Yates's sentencing hearing was taken from the West Virginia's district court's summary of that proceeding, which it provided in orders addressing Yates's subsequent motions filed under 28 U.S.C. § 2255.

the lowest end of the U.S.S.G., to be followed by a statutory four-year period of supervised release. [*Id.*, R. 37, therein]

On February 8, 2008, Yates filed his first motion to vacate, set aside or correct his sentence under 28 U.S.C. § 225. [*Id.*, R. 46, therein][3] Yates raised several issues, including a claim that his counsel had been constitutionally ineffective for failing to file a notice of appeal after he had specifically requested his counsel to do so. Counsel for the respondent filed an unopposed Consent Motion for Entry of Amended Judgment and Commitment Order, containing a representation that the Government did not oppose the entry of an Amended Judgment and Commitment Order. [*Id.*, R. 59, therein] Accordingly, instead of an evidentiary hearing, on May 16, 2008, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending the entry of an Amended Judgment and Commitment Order. [*Id.*, R. 60, therein] On May 29, 2008, the district court entered an Order adopting the R&R, denying the § 2255 motion as moot, and granting the Consent Motion. [*Id.*, R. 63, therein] The Amended Judgment was entered on July 8, 2008. [*Id.*, R. 66, therein]

---

[3] Yates's first § 2255 motion was also separately docketed as a civil proceeding. *See Tyrone Eugene Yates v. USA*, No. 3:08-CV-44-JPB (N.D. W. Va. 2008). For the sake of continuity and to avoid multiple and/or confusing docket references, the Court will cite the docket entries made in Yates's West Virginia criminal proceeding, instead of citing the contemporaneous docket entries made in the separately filed civil proceeding.

4

On July 17, 2008, Yates filed a "Notice of Appeal" of his conviction and sentence. [4] [*Id.*, R. 68, therein] Yates's appellate counsel filed an *Anders*[5] brief, stating that no meritorious issues for appeal existed, but Yates filed a *pro se* supplemental brief challenging his career offender classification. The Government moved to dismiss based on the waiver of appellate rights contained in Yates's plea agreement. Yates opposed the motion, arguing that because he did not know that he could be sentenced as a career offender, his plea was neither knowing nor voluntary, and that his counsel had been ineffective for: (1) not arguing the invalidity of his sentence, and (2) not securing an exception to his appellate waiver so that he could challenge his career offender classification on appeal.

In May 2009, the Fourth Circuit issued an unpublished *per curiam* opinion in which it dismissed in part and affirmed in part the district court's judgment. [*Id.*, R. 77, therein; *see United States of America v. Tyrone Eugene Yates*, No. 08-4737 (4th Cir. May 4, 2009). The Fourth Circuit found that Yates had knowingly and voluntarily waived his right to appeal his sentence, but that his allegations that his plea was involuntary and that he had been denied effective assistance of

---

[4] Yates's original judgment was entered on April 10, 2007, but an Amended Judgment was entered on July 8, 2008, in light of Yates's asserted claim in his first § 2255 motion (that his counsel failed to file a notice of appeal after being specifically directed to do so). Yates filed his notice of appeal nine days after the Amended Judgment was entered.

[5] *See Anders v. California*, 386 U.S. 738 (1967).

counsel constituted exceptions to the appellate waiver, because those issues either could not be waived by appellate waiver, or because they presented "colorable" constitutional challenges. [*Id.*, p. 2] Because the Fourth Circuit held that Yates's appellate waiver did not preclude a direct appeal of his conviction, it therefore denied the Government's motion to dismiss as to any claims not foreclosed by the waiver. [*Id.*, p. 3] However, the Fourth Circuit concluded that none of the "excepted" claims warranted vacatur.[6] [*Id.*] On May 26, 2009, the Mandate issued, *see id.*, R. 79-1, therein, and on October 14, 2009, the United States Supreme Court denied Yates's petition for writ of *certiorari*.

On March 9, 2010, Yates filed his second § 2255 motion in the district court. [*Id.*, R. 80 therein][7] In it, Yates asserted only one argument: that of ineffective

---

[6] The Fourth Circuit held:

> As previously stated, the record confirms that the district court conducted a thorough Rule 11 hearing, ensuring that Yates' plea was knowing and voluntary in all respects. Yates' belated claim that he did not understand the consequences of his plea is simply belied by the record. In addition, Yates' claim that he was denied effective assistance of counsel does not "conclusively appear" on the record and, accordingly, is not cognizable on direct appeal. Yates may assert this claim in an appropriate motion for postconviction relief. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir.) (citation omitted), *cert. denied*, 129 S. Ct. 490 (2008).

*Id.*, at pp. 3-4.

[7] Yates's second § 2255 motion was also separately docketed as a civil proceeding. *See Tyrone Eugene Yates v. USA*, No. 3:10-CV-14-JPB-JSK (N.D. W. Va. 2010). For the sake of continuity, and to avoid multiple and/or confusing docket references, the Court will continue to cite the docket entries made in Yates's West Virginia criminal proceeding, instead of citing the contemporaneous docket entries made in the separately filed civil proceeding.

assistance of appellate counsel, claiming that his counsel had been ineffective for failing to challenge the enhancement of his sentence as a career offender (based, in part, on his prior conviction for prison escape) in light of the then-pending case of *Chambers v. United States*, 555 U.S. 122, 129 (2009), which held that a prior conviction for failing to report for weekend confinement under state law is not an "escape from a penal institution" that qualifies as a "violent felony" for sentencing purposes under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

On May 3, 2011, the Magistrate Judge entered an R & R, recommending that Yates's second § 2255 motion be denied. [*Id.*, R. 91, therein] The Magistrate Judge concluded that that because Yates had previously raised his ineffective assistance of appellate counsel claim on direct appeal, and had not prevailed on that issue, the claim was procedurally barred. [*Id.*] On October 18, 2011, the district court adopted the R & R and denied Yates's § 2255 motion. [*Id.*, R. 95, therein] Yates appealed, but on June 5, 2012, the Fourth Circuit denied him a certificate of appealability and dismissed the appeal. [*Id.* R. 127, therein]

On July 27, 2015, Yates filed his third § 2255 motion in the district court. [*Id.*, R. 135, therein][8] Yates alleged that his sentence was imposed in violation of

---

[8] Yates's third § 2255 motion was also separately docketed as a civil proceeding. *See Tyrone Eugene Yates v. USA*, No. 3:15-CV-90-GMG-RWT (N.D. W. Va. 2015). For the sake of continuity, and to avoid multiple and/or confusing docket references, the Court will continue refer to the docket entries made in Yates's West Virginia criminal proceeding, instead of citing the contemporaneous docket entries made in the separately filed civil proceeding.

the constitution and laws of the United States. [*Id.*, R. 135, therein] Specifically, Yates alleged that based on the decision in *Johnson v. United States*, __ U.S. ___, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015),[9] his career offender status was no longer valid under the residual clause of the ACCA, 18 U.S.C. § 924(e). Yates argued that under *Johnson*, his prior walkaway escape from an "out of custody" prison camp did not present a serious potential risk of injury to another, and that his conviction for that offense no longer qualified as a predicate offense for the purposes of the ACCA.

On August 6, 2015, the Magistrate Judge issued an R & R recommending the denial of Yates's third § 2255 motion. [*Id.*, R. 139, therein] The Magistrate Judge determined that Yates's third § 2255 motion was a second or successive motion for which Yates had not obtained authorization from the Fourth Circuit to file, and that under 28 U.S.C. § 2244, the district court lacked without authority to consider it. [*Id.*] Yates filed no objections to that R & R.

While Yates's third § 2255 motion was pending in the district court, Yates filed a motion in the Fourth Circuit under 18 U.S.C. §§ 2244(b), 2255(h), seeking permission to file a second or successive § 2255 motion based on *Johnson*. On October 21, 2015, the Fourth Circuit entered a one-page Order in which it denied

---

[9] In *Johnson*, the Supreme Court struck down the residual clause of the ACCA, holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

Yates's motion, stating that even if *Johnson* applied retroactively to cases on collateral review, the case "...would entitle Yates to no relief." [*Id.*, R. 142, therein; *see In re: Tyrone Yates*, No. 15-316 (4th Cir. Oct. 21, 2015)]

On November 5, 2015, the district court entered an order in which it (for various technical reasons) declined to adopt the August 6, 2015, R & R. [*Id.*, R. 143, p. 2, therein] Even so, the district court denied Yates' third § 2255 motion, explaining that the Fourth Circuit's October 21, 2015, Order (denying Yates a certificate of appealability) squarely disposed of the *Johnson* argument which Yates had asserted in his third § 2255 motion. [*Id.*]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Yates wasted no time in filing his 28 U.S.C. § 2241 petition in this Court on November 9, 2015, which was just four days after the West Virginia district court denied his third § 2255 motion on November 5, 2015.

In his § 2241 petition, Yates asserts the following arguments: (1) that insufficient evidence existed to support his conviction; (2) that he should not be bound by his Plea Agreement because he did not understand the consequences of his guilty plea, based on "Stupidity and ignorance of the law" on his part, *see* R. 1, p. 1; (3) that the Government breached the terms of the Plea Agreement by failing to request a reduction in his sentence under the U.S.S.G. based on his acceptance

of responsibility; (4) that the district court improperly sentenced him as a career offender, applied the wrong "criminal history" category to his sentence, failed to properly calculate his sentence based on his acceptance of responsibility, and failed to apply a two-level reduction based on the "new classification" which applies to low-level drug dealers; and (5) that his sentence is unconstitutional because "escape from a prison camp" should not qualify as a crime of violence for sentence enhancement purposes. Yates contends that these alleged errors violated his right to due process guaranteed by the Fifth Amendment of the U.S. Constitution.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

10

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles*, 180 F.3d at 756. Yates now collaterally challenges his conviction and sentence on Fifth Amendment grounds under § 2241 via the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to

11

correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Yates has not carried that burden in this proceeding. In his § 2241 petition, Yates alleges that his Fifth Amendment right to due process of law was violated during his criminal proceeding because: (1) the district court applied the wrong criminal history, failed to apply all proper reductions under the U.S.S.G., and imposed an excessive sentence; (2) the government failed to produce sufficient to support his conviction; (3) his guilty plea was unintelligent and unknowing because he did not understand the consequences of it, presumably because his trial counsel failed to explain to him all of the consequences of his guilty plea; and (4) the government breached the terms of his Plea Agreement when it failed to request a sentence reduction based on his acceptance of responsibility.

The facts surrounding all of these four claims were, or should have been, known to Yates when he filed his second § 2255 motion in the district court in

March 2010, but Yates did not assert any of those claims at that time. As discussed, Yates instead asserted only **one** argument in his second § 2255 motion, which was a claim alleging that his appellate counsel had been ineffective for failing to challenge the enhancement of his sentence as a career offender (based, in part, on his prior conviction for prison escape) in light of the then-pending case of *Chambers v. United States*. On October 18, 2011, the district court rejected that argument and denied Yates's second § 2255 motion. Yates appealed, but on June 12, 2012, the Fourth Circuit denied Yates a certificate of appealability.

Yates also continues to argue here that his guilty plea was uninformed, and hence involuntary. This argument also fails under the *Charles* analysis, because the Fourth Circuit previously addressed and rejected this same claim in 2009, when Yates filed the direct appeal of his conviction. The Fourth Circuit stated:

> As previously stated, the record confirms that the district court conducted a thorough Rule 11 hearing, ensuring that Yates' plea was knowing and voluntary in all respects. Yates' belated claim that he did not understand the consequences of his plea is simply belied by the record.

*United States of America v. Tyrone Eugene Yates*, No. 08-4737, pp. 3-4 (4th Cir. May 4, 2009)

As for Yates's fifth claim asserted herein--that his prior conviction from a prison camp should not have counted as a predicate offense for sentencing

13

purposes--Yates is essentially recycling the same *Johnson* claim which he previously and unsuccessfully asserted in his third § 2255 motion. Yates either is, or should be, well aware that on October 21, 2015, less than a month before his filed the instant § 2241 proceeding, the Fourth Circuit refused to allow him to file a successive § 2255 motion based on *Johnson*. In his § 2241 petition, Yates states, "Escape from a prison camp should not qualify for a crime of violence," and "…a walk-way is not a crime of violence and my sentence should not have applied me [sic] as a career offender." [R. 1, p. 1] Yates cleverly fails to specifically cite to the *Johnson* case by name in his current submission, but Yates's allegations do not conceal the fact that he is effectively reiterating the same substantive *Johnson* argument which he unsuccessfully asserted in his third § 2255 motion, and which the Fourth Circuit recently determined did not assist Yates.

As *Charles* dictates, Yates cannot seek another bite of the apple simply by re-asserting the same claims in a § 2241 habeas petition which were previously rejected under 28 U.S.C. § 2255, or by trying to assert new claims in his § 2241 petition which he never previously raised in a § 2255 motion. The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255, the petitioner has been denied permission to file a second or successive motion to vacate, the petitioner is procedurally barred

from pursuing relief under § 2255, or the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756-58; *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003). Section § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Further, to the extent that Yates challenges his 188-month sentence, claiming that it was excessive for various reasons, Yates does not allege that he is actually innocent of the federal drug offenses of which he was convicted; he instead challenges only the amount of time which he was ordered to serve in prison. In other words, Yates dies not allege that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of

15

a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"). Because the savings clause of § 2255 extends only to petitioners who challenge their underlying convictions, not their sentences, Yates's challenge to his enhanced sentence does not set forth grounds for relief under 28 U.S.C. § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under §

16

2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Broadly construing Yates's § 2241 petition, Yates may be attempting to argue that *Johnson* applies retroactively to his sentence.

Yates's broadly construed challenge to his enhanced sentence lacks merit. Again, in *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Generally, the ACCA increases sentences for certain offenders who have three prior convictions for violent felonies or serious drug offenses. See 18 U.S.C. § 924(e)(1). Yates's construed argument may be that because *Johnson* held that the residual clause in the ACCA is unconstitutionally vague, his enhanced sentence under the U.S.S.G. (by analogy) violates his right to due process set forth in the Fifth Amendment of the United States Constitution.

The holding in *Johnson* is inapplicable to Yates because his sentence was **not** based on the residual clause of the ACCA; Yates's sentence was enhanced under U.S.S.G. § 4B1.1 and § 4B1.2(a)(2). The residual clause of U.S.S.G. § 4B1.2(a)(2) defines a "crime of violence" in the same manner that the ACCA

17

defines the term, but this Court has recently held that the provisions of the U.S.S.G. are not subject to the same due process challenge as the ACCA. *See United States v. Stevens*, No. 6:06-CR-85-DCR; 6:15-CV-226-DCR, 2015 WL 9306593, at *2 (E. D. Ky. Dec. 21, 2015) (holding that *Johnson* did not support the defendant's collateral challenge under 28 U.S.C. § 2255 to his sentence enhanced under the residual clause of the U.S.S.G.); *Fletcher v. Quintana*, No. 5:15-CV-286-DCR, 2015 WL 9413097, at *2 (E. D. Ky. Dec. 22, 2015) (rejecting a § 2241 petitioner's *Johnson* challenge to his sentence which was enhanced under the U.S.S.G.); *see also United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015) (finding that the vagueness doctrine does not apply to the residual clause in the federal sentencing guidelines); *see also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (Sentencing Guidelines are not subject to challenge based on a claim based on void for vagueness).[10]

Thus, while the residual clause of the ACCA may be void for vagueness, the residual clause in U.S.S.G. § 4B1.2(a) is not void for vagueness. To the extent that

---

[10] At least five federal courts of appeal, including the Sixth Circuit, "have held that the U.S.S.G.--whether mandatory or advisory--cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (internal citations and quotation marks omitted). *See also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *United States v. Tichenor*, 683 F.3d 358, 363-66, 365 n.3 (7th Cir. 2012); *United States v. Wivell*, 893 F.2d 156, 159-160 (8th Cir. 1990).

the district court based Yates' career offender enhancement on U.S.S.G. § 4B1.2, *Johnson* does not apply and any vagueness argument will not succeed.

For these reasons, Yates has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug offenses of which he was convicted. Because Yates is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.     The Clerk of the Court shall, on the CM/ECF cover sheet, list "Tyrone Eugene Yates" as an alias designation for Petitioner Tyrone Yates.

2.     Yates's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

3.     The Court will enter an appropriate judgment.

4.     This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This February 23, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge